# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY ALEXANDER HUSE, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-13714** |
| **SPARKS ENERGY, INC.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Transfer** (Rec. Doc. 8) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the Northern District of Alabama;

**IT IS FURTHER ORDERED** that defendant's **Motion to Dismiss** is **DENIED as moot**.

## BACKGROUND

Plaintiffs Gregory Huse and Billy Gene Shoemaker worked for Sparks Energy, a company which does power restoration in the wake of severe weather events, from parts of 2016 through parts of 2018. Their employment agreement with Sparks required them to execute a non-compete and non-solicitation agreement, effective for two years beyond termination with Sparks, and covered a geographical area which includes Louisiana. The agreement includes a forum selection clause requiring that any litigation take place in Jefferson County, Alabama. At the time the agreement was executed, the plaintiffs lived and worked in Alabama.

Following their terminations from Sparks in April and May of 2018, both plaintiffs moved to Louisiana, ultimately working for another power restoration company, Tempest. On August 29, 2019, Sparks sent a cease and desist letter to Tempest and plaintiffs, contending

plaintiffs were in violation of the non-compete and non-solicitation agreement. Plaintiffs responded by filing a declaratory judgment action in Louisiana state court (22nd JDC for St. Tammany Parish) on September 4, 2019, seeking a declaration that Louisiana law applied to the agreement, the agreement was unenforceable, and that plaintiffs were not restricted from working or soliciting business. Sparks removed the matter to this court, and now moves to dismiss the matter for lack of personal jurisdiction, or to transfer pursuant to 28 U.S.C. § 1404 based upon the Alabama forum selection clause. Plaintiffs oppose, contending that Sparks has contacts in Louisiana sufficient to establish specific personal jurisdiction, and that the forum selection clause is void pursuant to Louisiana law, specifically, provisions of the Louisiana restraint of trade law, La. Rev. Stat. § 23:921.[1]

## DISCUSSION

*Motion to Transfer pursuant to 28 U.S.C. §1404(a)*

A threshold question is choice of law. The Supreme Court has specifically addressed the

---

[1]That statute provides in part:

The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

La. Rev. Stat. § 23:921(A)(2).

2

situation in which the parties' dispute is premised on the fact that the plaintiff's chosen venue may refuse to enforce the forum selection clause as a matter of public policy, that is, when there is a conflict between the discretionary analysis prescribed by 28 U.S.C. § 1404(a) and a non-discretionary provision of state law. In Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988), the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum-selection clause and transfer" a case. Id.; see also, Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 301 (5th Cir. 2016)("[I]n diversity cases, federal law governs the 'enforceability' of forum-selection clauses in this circuit."). Thus, federal law, specifically 28 U.S.C. § 1404(a), governs this matter.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district . . . [and a] proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 59–60 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 62.

In the present case, plaintiffs argue that the presumption in favor of enforcing the forum selection clause recognized in Atlantic Marine does not apply, because Atlantic Marine

presupposes a valid forum selection clause, and the forum selection clause in this case is invalid under Louisiana law, citing Haynesworth v. The Corporation, 121 F.3d 956 (5th Cir.1997). Under Haynesworth, "[t]he presumption of enforceability may be overcome . . . by a clear showing that the clause is "'unreasonable' under the circumstances." 121 F.3d at 962, quoting The Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972).

> Unreasonableness *potentially* exists where: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

Haynesworth, 121 F.3d at 962 (emphasis added). Pointing to the fourth item above, plaintiffs argue that La. R.S. 23:921 reflects Louisiana's strong public policy against the enforcement of forum selection clauses in non-compete agreements, and thus the clause is invalid.

In Haynesworth, the plaintiffs, U.S.-based Lloyd's underwriters, argued that the forum selection clause and choice of law clause in their agreements with Lloyd's of London, choosing British law and tribunals, was invalid because it was against public policy as embodied in anti-waiver provisions of federal and Texas securities law, which prohibited waiver of compliance with securities and consumer protection laws. The Fifth Circuit, joining numerous circuit courts reaching the same result in analogous cases, found that the U.S. securities laws did not bar enforcement of the clauses, noting that "[h]aving previously enjoyed the benefits of Lloyd's contractual obligations to them, the plaintiffs must now live up to theirs as well." 121 F.3d at

4

970, 971. In addition, the Supreme Court has held that the conflict presented in this case between a state law that ostensibly invalidates a forum selection clause outright and a federal law requiring a case-specific analysis be undertaken, "frames an additional argument for the supremacy of federal law. Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in § 1404(a) would defeat that command. Its application would impoverish the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system." Stewart Org., Inc., 487 U.S. at 31.

The court finds that notwithstanding the provision at La. R.S. 23:921, the forum selection clause in this case is valid. Plaintiffs' agreements with Sparks were negotiated in connection with their employment agreements while they were living in Alabama, where Sparks was based. Record evidence suggests that plaintiffs maintain close ties to Alabama to this day, and that their families reside there. The agreements they freely entered into require any litigation to take place in Jefferson County, Alabama. Plaintiffs' subsequent unilateral decisions to move to a state with a public policy approach that differs from Alabama's does not alter these facts. Accordingly, the court finds that the forum selection clause in this case is valid, and the rule of Atlantic Marine is applicable.

Under Atlantic Marine, when there is a valid forum selection clause, courts applying § 1404(a) forgo the usual application of both private and public interest factors in determining

convenience,[2] and instead, "a district court may consider arguments about public-interest factors only." Atl. Marine, 571 U.S. at 64. This is because "the court should deem the private-interest factors to weigh entirely in favor of the preselected forum." In re Lloyd's Register N. Am., Inc., 780 F.3d 283, 293–94 (5th Cir. 2015)(internal quotations and citations omitted)). Because the public interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Atl. Marine, 571 U.S. at 64.

Applying the public interest factors, as acknowledged by plaintiffs, the administrative difficulties flowing from court congestion factor is neutral in this case. As for the local interest in having localized interests decided at home, plaintiffs contend that because they now live in Louisiana, the state has a local interest in interpreting the contract. However, the agreements at issue were executed in Alabama by an Alabama corporation and employees who, at the time, resided there. The alleged breaches occurred in 17 states (including Louisiana) and Canada. Thus, it would appear that Alabama is the center of gravity for this suit. This factor thus weighs in favor of transfer, or is neutral.

As for the familiarity of the forum with governing law, federal courts sitting in diversity apply the choice of law rules of the forum state to the case. Louisiana law provides:

---

[2] The private interest factors are: the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. In re Volkswagen of Am., Inc., 545 F.3d at 315. The public interest factors are: the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id.

> Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515,[3] as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537.

As noted above, the contract was negotiated and formed in Alabama, and performed in multiple states. At the time of its formation, the domicile and habitual residence and business of the parties was Alabama. Presumably, Alabama has an equal interest in enforcing its own laws on restraint of trade or non-compete agreements. Enforcing the forum selection cause also serves to uphold the justified expectations of the parties. Accordingly, this factor, as well as the directive

---

[3]That article provides:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

La. Civ. Code art. 3515.

to avoid unnecessary problems of conflict of laws, weighs in favor of transfer. In sum, the presence of a valid selection clause means that in this case, all private factors are resolved in favor or transfer, the public interest factors in this case are neutral or favor transfer, and plaintiffs have failed to demonstrate the exceptional circumstances required to defeat a transfer. Therefore,

**IT IS HEREBY ORDERED** that defendant's **Motion to Transfer** (Rec. Doc. 8) is **GRANTED**, and this matter is hereby **TRANSFERRED** to the Northern District of Alabama;

**IT IS FURTHER ORDERED** that defendant's **Motion to Dismiss** is **DENIED as moot**.

New Orleans, Louisiana, this 23rd day of January, 2020.

	**MARY ANN VIAL LEMMON**
	**UNITED STATES DISTRICT JUDGE**